IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHD RESEARCH GROUP, INC.,
a Florida corporation,

    Plaintiff,

vs.

CASE NO.

6:14-CV-578-ORL-18-KRS

ASETEK, A/S., a foreign
Corporation and ASETEK USA,
INC., a Delaware corporation,

    Defendant.

_____/

COMPLAINT FOR PATENT INFRINGEMENT
JURY TRIAL REQUESTED

Plaintiff, PhD Research Group, Inc. ("PRG" or "Plaintiff"), by and through its undersigned counsel and hereby sues Defendants, Asetek, A/S, and Asetek USA, Inc. as grounds therefore alleges as follows:

NATURE OF THE ACTION

1. This is a patent infringement action to account for Defendants' infringement of Plaintiff's United States Patent No. 6,408,937, entitled "Active Cold Plate/Heat Sink" (also referred to herein as the "'937 Patent"; a copy of which is attached hereto as Exhibit "A") and Plaintiff's United States Patent No. 7,055,581, entitled "Impeller Driven Heat Sink" (also referred to herein as the "'581 Patent"; a copy of which is attached hereto as Exhibit "B").

## PARTIES, JURISDICTION and VENUE

2. Plaintiff, PhD Research Group, Inc. is a Florida corporation having its principal place of business located at 2332 Galiano Street, 2nd Floor, Coral Gables, Florida 33134

3. On information and belief, Defendant, Asetek, A/S (hereinafter "Asetek) is a foreign corporation having its principal place of business located at Assensvej 2, DK-9220 Aalborg East, Denmark.

4. On information and belief, Defendant, Asetek USA, Inc., (hereinafter "Asetek USA"), is a Delaware corporation having its principal place of business located at 1 5285 Hellyer Ave #110, San Jose, California 95138-8961.

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

6. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over both Defendants because both Defendants have minimum contacts within the State of Florida and the Middle District of Florida; both Defendants have purposefully availed itself of the privileges of conducting business in the State of Florida and in the Middle District of Florida; both Defendants have sought protection and benefit from the laws of the State of Florida; both Defendants regularly conduct business within the State of Florida and within the Middle District of Florida; and Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of Florida and in the Middle District of Florida.

8. More specifically, both Defendants, directly and/or through intermediaries, ship, distribute, offer for sale, sell, import and/or advertise its products into the United States, the State of Florida, and the Middle District of Florida. Upon information and belief, both Defendants have committed patent infringement in the State of Florida and in the Middle District of Florida, have contributed to patent infringement in the State of Florida and in the Middle District of Florida, and/or have induced others to commit patent infringement in the State of Florida and in the Middle District of Florida.

9. Venue is proper in the Middle District of Florida under 28 U.S.C. §§1391(b), (c), and (d) and 28 U.S.C. §1400(b).

## FACTS COMMON TO ALL COUNTS

10. On June 25, 2002, the United States Patent Office issued a patent to Sanjay K. Roy entitled ACTIVE COLD PLATE/HEAT SINK, U.S. Patent No. 6,408,937.

11. On June 6, 2006, the United States Patent Office issued a patent to Sanjay K. Roy entitled IMPELLER DRIVEN ACTIVE HEAT SINK, U.S. Patent No. 7,055,581.

12. PRG is the owner of legal title to the '937 Patent and the '581 Patent through assignment, which has been recorded with the United States Patent and Trademark Office.

13. On information and belief, Defendants, Asetek and Asetek USA, are in the business of manufacturing, selling and distributing liquid cooling systems, and/or hardware that utilizes a liquid for cooling electronic components.

14. The Defendatnts' to liquid cooling systems and components are sold to consumers under brand names Corsair® and Thermaltake®. Asetek sells also sells its infringing cooling systems to original equipment manufacturers of computer systems.

3

15. The Defendants manufacture, use, sale, offer to sell and importation of their liquid cooling systems infringes either directly or indirectly one or more claims of the '937 Patent and the '581 Patent.

16. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

## COUNT I

### DIRECT INFRINGEMENT OF THE '937 PATENT
(Against Both Defendants)

17. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.

18. This is a cause of action against the Defendants pursuant to 35 U.S.C. § 271(a) for direct infringement of the '937 Patent.

19. On information and belief, the Defendants have infringed and continue to infringe one or more claims of the '937 Patent by making, using, providing, offering to sell, selling and importing (directly and through intermediaries) in this district and elsewhere in the United States, their liquid cooling systems and/or hardware that utilizes a liquid for cooling electronic components.

20. On information and belief, one or more acts of direct infringement have occurred in or from the Middle District of Florida, since the issuance of the '937 Patent; thereby giving rise to specific jurisdiction over the Defendants.

21. Both of the Defendants' aforesaid activities have been without authority and/or license from Plaintiff and are intentional and willful.

22. On information and belief, one or more acts of contributory infringement have occurred in or from the Middle District of Florida, since the issuance of the '581 Patents; thereby giving rise to specific jurisdiction over the Defendants.

23. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### PATENT INFRINGEMENT BY INDUCEMENT
### (Against Both Defendants)

24. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.

25. This is a cause of action against the Defendants pursuant to 35 U.S.C. § 271(b) for indirect infringement or infringement by inducement of the '581 Patent.

26. The claims of the '581 Patent cover electronic devices such as computers, servers etc. that have heat sources such as circuit boards with a heat sink operatively associated therewith to dissipate heat generated by the electronic device.

27. On information and belief, the Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '581 Patent by knowingly inducing other persons to directly infringe one or more claims of the '581 Patent.

28. The Defendants sell its liquid cooling systems, and/or hardware that utilizes a liquid for cooling electronic components, to customers that incorporate the infringing liquid

cooling systems and/or hardware in electronic devices that include a heat source, thereby causing these customers to directly infringe one or more claims of the '581 Patent by virtue of the customer using these liquid cooling systems in an electronic device, or selling electronic devices with the liquid cooling systems.

29. The Defendants had the requisite knowledge or have known or knew of the '581 Patent at all times material to this complaint when the Defendants sold their liquid cooling systems and/or hardware to their customers, and knowing that the customers' use the Defendants liquid cooling systems and/or hardware directly infringed one or more claims of the '581 Patent.

30. Defendants' aforesaid activities have been without authority and/or license from Plaintiff and are intentional and willful.

31. On information and belief, one or more acts of inducing infringement have occurred in or from the Middle District of Florida, since the issuance of the '581 Patents; thereby giving rise to specific jurisdiction over the Defendants.

32. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

**CONTRIBUTORY PATENT INFRINGEMENT**
**(Against Both Defendants)**

33. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.

34. This is a cause of action against the Defendants pursuant to 35 U.S.C. § 271(c) for contributory infringement of the '581 Patent.

35. The claims of the '581 Patent cover electronic devices such as computers, servers etc. that have heat sources such as circuit boards with a heat sink operatively associated therewith to dissipate heat generated by the electronic device.

36. Upon information and belief, the Defendants offer for sale, sell or import into the United States, their liquid cooling systems and/or hardware to be used as components of electronic devices that have heat sources such as central processing units and/or circuit boards.

37. The Defendants' liquid cooling systems and/or hardware constitute a material part of the claimed invention of the combination of the heat source (electronic device) and the claimed heat sink.

38. The manufacture, use, sale, offer to sell or import of an electronic device with the Defendants' liquid cooling systems and/or hardware constitutes direct infringement of one more claims of the '581 Patent.

39. The Defendants had the requisite knowledge or have known or knew of the '581 Patent at all times material to this complaint when the Defendants sold their liquid cooling systems and/or hardware to their customers knowing their liquid cooling systems are made for or especially adapted for use in infringement of one or more claims of the '581 Patent.

40. The Defendants had the requisite knowledge or have known or knew of the '581 Patent at all times material to this complaint when the Defendants sold their liquid cooling systems and/or hardware to their customers knowing that these products are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

41. Defendants' aforesaid activities have been without authority and/or license from Plaintiff and are intentional and willful.

42. On information and belief, one or more acts of contributory infringement have occurred in or from the Middle District of Florida, since the issuance of the '581 Patents; thereby giving rise to specific jurisdiction over the Defendants.

43. The Defendants' acts of contributory infringement have damaged and will continue to damage PRG causing irreparable harm for which there is no adequate remedy at law. Such unlawful acts and damage will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

44. Plaintiff, PhD Research Group, Inc. respectfully requests the following relief:

A) Compensatory damages as provided under 35 U.S.C. §284 against Defendants, Asetek, Inc. and Asetek, USA;

B) Enhancement of damages as provided under 35 U.S.C. §284 against Defendants, Asetek, Inc. and Asetek USA, Inc.;

C) An award of Plaintiff, PhD Research Group, Inc.'s reasonable attorneys' fees and costs as provided under 35 U.S.C. §285 and Rule 54(d), Fed.R.Civ.P. against Defendants, Asetek, Inc. and Asetek USA, Inc.;

D) An award of prejudgment and post-judgment interest against Defendants, Asetek, Inc. and Asetek USA, Inc.; and

E) Such other and further relief as the Court deems just, fair and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

DATED this 10th day of April, 2014.

                                               Respectfully submitted,

                                               Beusse Wolter Sanks
                                                    Mora & Maire, P.A.
                                               390 North Orange Avenue
                                               Suite 2500
                                               Orlando, Florida  32801
                                               Telephone: (407) 926-7706
                                               Facsimile: (407) 926-7720
                                               E-mail:  rwolter@iplawfl.com
                                               Attorneys for Plaintiff

                                               _____
                                               ROBERT L. WOLTER
                                               Florida Bar No: 0906344